MATTHEW M. D'AMORE
MDAmore@mofo.com
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: 212.468.8000
Fax: 212.468.7900

Attorneys for Plaintiff
IRAQI REFUGEE ASSISTANCE PROJECT



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ :

IRAQI REFUGEE ASSISTANCE PROJECT,          :          Index No.

                                   Plaintiff,          :

              -against-          :          **COMPLAINT**

UNITED STATES DEPARTMENT OF STATE, and          :
UNITED STATES DEPARTMENT OF          :
HOMELAND SECURITY,          :

                                   Defendants.          :

------------------------------------------------------ x


### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    1.       Plaintiff Iraqi Refugee Assistance Project ("IRAP") brings this action for

injunctive and declaratory relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552(a) *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

    2.       IRAP seeks to compel the release of records on a matter of public concern:

records relating to the United States Refugee Admissions Program and related proceedings.

More than nine months after requesting records from the United States Department of State

("State" or "State Department") under FOIA, State still has not disclosed many of the requested

records and has wrongly withheld relevant information under the pretext of FOIA exemptions.

3.      To advance its work and effectively support individual Iraqi refugees'
applications for entry to the United States, IRAP needs access to the requested USRAP data.
Since September 2008, IRAP has worked with over 1,000 individuals on their refugee cases.
The requested information will assist and educate current and future refugee applicants who
require IRAP's assistance precisely because they do not understand how USRAP and related
proceedings function.

4.      The requested information will also provide insight into the fairness, organization,
and quality control of State's vast refugee program.  Worldwide, there are over 10.5 million
refugees and people living in refugee-like circumstances, according to estimates from the United
States High Commissioner on Refugees ("UNHCR").  An additional estimated 30 million
internally displaced persons are forced to live in refugee-like circumstances in their own
countries.  The United States resettles, on average, approximately 60,000 refugees per year and
considers refugee applications from many thousands more.  The State Department and its
affiliates manage USRAP, take the lead in proposing refugee admissions ceilings, establish
refugee processing priorities, and maintain the database used to track every refugee from
application through resettlement.

5.      The requested information does not exist in the public sphere.  Disclosure would
allow the public to gain a fresh perspective on the workings of a government agency that
determines who will and will not be admitted as a refugee to the United States, but operates away
from public view and accountability.

6.      IRAP made valid FOIA requests to obtain the documents sought, in compliance
with all statutory requirements, but State has failed to comply with its obligations under FOIA.
Accordingly, IRAP brings this action to enforce the statute and compel the release of these
critically important, validly requested materials.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C.
§ 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331 and 1361.

8.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(1), as the Plaintiff resides in the Southern District of New York.

## PARTIES

9.      Plaintiff IRAP is part of the Urban Justice Center, a registered non-profit organization in New York, and organizes law students and *pro bono* law firm attorneys to facilitate the individual representation of refugees, visa applicants and applicants for humanitarian parole, to advocate for administrative changes to the existing systems of refugee and Special Immigrant Visa processing in the United States, and to assist Iraqi refugee families in the United States.  IRAP currently has chapters at 21 law schools including the following: New York University School of Law, Columbia Law School, Yale Law School, Harvard Law School, University of Pennsylvania Law School, University of California at Berkeley School of Law, Stanford Law School, and the University of Southern California School of Law.  Each IRAP chapter is supported by its host law school.  In addition, IRAP facilitates the provision of on-the-ground legal services to refugees in Amman, Jordan, in cooperation with a clinical legal education program at the University of Jordan Law School.

10.     Defendant United States Department of State is an agency established in the Executive Branch of the United States Government.  The Department of State is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

### State Manages and Implements the United States Overseas Refugee Adjudication System

11.     The State Department is responsible, in partnership with the U.S. Citizenship and Immigration Service ("CIS"), for administering the United States Refugee Admissions Program ("USRAP").

12.     State funds government and non-government refugee assistance operations throughout the world.

3

13.     The Bureau of Population, Refugees, and Migration ("PRM"), a bureau within State, is responsible for managing the Resettlement Service Centers ("RSC") operations overseas which includes the following responsibilities:  accepting applications and referrals, prescreening applicants, requesting security checks, scheduling U.S. Department of Homeland Security ("DHS") interviews, arranging for medical examinations, requesting exit clearances (if necessary), and working with the International Organization for Migration ("IOM") — a State-funded non-government organization — on various refugee program needs.

14.     State maintains the Worldwide Refugee Admissions Processing System database ("WRAPS") — a case management system that PRM and RSCs use to track every refugee applicant through the refugee application and resettlement process.  PRM also utilizes WRAPS to assist in managing the overseas and domestic resettlement program.  WRAPS contains data on DHS adjudication decisions that are entered by RSC staff.

### IRAP Submitted a FOIA Request to State Regarding Overseas Adjudications of Refugee Applications and Appeals and Analysis of this Data

15.     By letter dated July 15, 2011, IRAP submitted a FOIA request to State for various records relating to the U.S. overseas refugee adjudication program.  (Exhibit ("Ex.") 1.)  IRAP also requested a fee waiver.

16.     On August 18, 2011, more than twenty business days after State was required by law to respond to IRAP's request, IRAP sent a letter requesting a response, and, "[i]n the interest of conserving the State Department's limited resources," suggested a conference call with State officials to discuss how IRAP's FOIA request "may be refined to avoid the production of unresponsive documents."  (Ex. 2.)

17.     By letter dated August 15, 2011, and received by IRAP on August 22, 2011, State acknowledged the receipt of IRAP's request and denied IRAP's request for a fee waiver. (Ex. 3.)  The letter stated that "[s]ome or all of the records you seek appear to have been originated by . . . U.S. Citizenship and Immigration Services," a division of DHS.  State assigned IRAP's FOIA request Case Control Number 201106424.

18.     By letter dated September 8, 2011, IRAP provided additional information State requested in support of IRAP's fee waiver request.  (Ex. 4.)

19.     By email dated October 31, 2011, IRAP contacted State employee Mary Casto regarding the status of its July 15, 2011 FOIA request.  IRAP requested the following:  (1) The tentative release date of the information requested, as required by 5 U.S.C. § 552(a)(7)(B)(ii); (2)  An explanation of what *specific* records encompassed by IRAP's request might be maintained by CIS and why these records are not available from State; and (3) The status of IRAP's fee waiver request.  (Ex. 5.)

20.     Chris Barnes, of State's FOIA Requester Service Center, responded by email on November 2, 2011, to inform IRAP that its email inquiry had been forwarded to the case analyst and branch chief.  (Ex. 5.)

21.     On November 8, 2011, IRAP was informed telephonically by Chris Barnes that the tentative release date for the requested documents was April 2012.  Mr. Barnes could not clarify whether all of the documents would be released in April 2012 or whether that would be the beginning of a rolling production, or if a rolling production may begin soon.  He would only say that April 2012 was the date PRM gave to him to relay to IRAP.

22.     In an effort to expedite the release of documents, IRAP attempted to arrange a conference call with State employees to discuss the scope of IRAP's request.

**IRAP Attempted to Work with State to Lessen Its Burden Under FOIA**

23.     On December 7, 2011, IRAP again contacted Mr. Barnes and was connected to Marianne Manheim, State's FOIA Program Manager and Public Liaison.  (Ex. 6.)  IRAP was informed that the reviewer assigned to its FOIA request was on vacation and would return the following week.

24.     On December 8, 2011, Ms. Manheim informed IRAP by email that the records IRAP requested "ha[d] been located."  (Ex. 6.)  At IRAP's urging, Ms. Manheim arranged a conference call with the FOIA request reviewer and a program office representative.

25.     On December 13, 2011, IRAP discussed its FOIA request on a conference call with State employees Barbara Nielson, Amy Nelson, Sumi Siram, and Ms. Manheim.  (Ex. 7.)

26.     During the call, Ms. Nielson asserted that the names of adjudicating officers requested by IRAP would not be disclosed pursuant FOIA Exemption 6.  (Ex. 7 and Ex. 8)  Ms. Nelson stated that her office could assign individual officers codes or tags that could serve to identify them for purposes of associating data while protecting their actual identities.

27.     By email dated January 10, 2012, sent to Ms. Manheim and other State officials, IRAP refined the scope of its FOIA request based on the information provided by State during the December 13, 2011 call.  (Ex. 9.)  The request seeks the following information:

- all the WRAPS data on the refugee applicant grant v. denial rates broken down by individual officer;

- the applicant's country of origin;

- where and when the applicant was interviewed;

- the results of the interviews;

- the results of the initial adjudication; and

- the results of any subsequent adjudication such as a Request for

  Reconsideration Review/Rehearing.

28.     To further reduce State's burden in responding to its request, IRAP **cut in half the total number** of requested documents by agreeing to limit the time period of requested documents from January 1, 2001 through present day to January 1, 2005 to present day.  (*Id.*)

29.     IRAP took issue with State's assertion that the identities of the adjudicating officers could be withheld pursuant to FOIA Exemption 6.  But in an effort to compromise, IRAP offered to accept the requested information with the adjudicating officers' names partially redacted in a manner that would permit IRAP to associate data with individuals while still sufficiently protecting the officers' identities.  For example, IRAP proposed, this could be accomplished by redacting all but the initials of the adjudicating officers and would avoid the need to create any new data.

30.     By email dated January 11, 2012, Ms. Manheim responded to IRAP's email stating that no FOIA exemption had yet been asserted and that she would "provide an estimated completion date shortly after [she] consult[ed] with the case analyst."  (Ex. 10.)

31.     Since Ms. Manheim's January 11, 2012 email, IRAP has not received another communication from State regarding its FOIA request.

32.     In the **nine months** since its FOIA request, IRAP has **not received a single document** responsive to its request, has not received any denial of its request, and has received no explanation for why State did not meet the April 2012 production date State provided.  State has also failed to specify what documents IRAP must seek from CIS, rather than State.

**More Than Nine Months After Receiving the FOIA Request, State Has Not Disclosed A**

**Single Document**

33.     Through the date of this pleading, State has failed to disclose all documents responsive to IRAP's July 15, 2011 FOIA request, notwithstanding FOIA's requirement of an agency response within twenty working days, see 5 U.S.C. § 552(a)(6)(A)(i), or, if properly invoked, the 10-day extension provided by 5 U.S.C. § 552(a)(6)(B).

34.     Due to State's inadequate response to IRAP's FOIA request, IRAP has constructively exhausted the applicable administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C)(i).

35.     State has wrongfully withheld the requested records from IRAP and IRAP is left with no choice but to request court intervention to make State comply with its statutory obligations.

**CLAIMS FOR RELIEF**

**COUNT I**

**FOIA Violation:  State's Failure to Comply With Statutory Deadlines**

36.     The preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

37.     State has violated IRAP's right to State Department records under 5 U.S.C. § 552.

38.     IRAP properly requested the records described above from Defendant State Department.

39.     The requested records are under the custody and/or control of Defendant State Department.

40.   The State Department's response to IRAP's FOIA request violated the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

41.   IRAP has constructively exhausted the applicable administrative remedies with respect to its FOIA request.

42.   IRAP is entitled to injunctive relief compelling the complete, unredacted release of all responsive agency records.

43.   IRAP is also entitled to a declaration that the State Department violated the law in failing to respond to IRAP's FOIA request within the statutory deadline.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

A.   Declare that the defendant United States Department of State has violated the Freedom of Information Act;

B.   Order defendants to produce unredacted versions of all responsive agency records within ten business days of the Court's Order in this matter;

C.   Award plaintiff its costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

D.   Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

\\\

\\\

\\\

\\\

\\\

\\\

E.      Grant such other relief as the Court may deem just and proper.

Dated: New York, New York            By: _____
        May 2, 2012                          Matthew M. D'Amore
                                             MDAmore@mofo.com
                                             MORRISON & FOERSTER LLP
                                             1290 Avenue of the Americas
                                             New York, New York 10104-0050
                                             Telephone: 212.468.8000


                                             L. Scott Oliver (*pro hac vice* pending)
                                             SOliver@mofo.com
                                             MORRISON & FOERSTER LLP
                                             755 Page Mill Road
                                             Palo Alto, California 94304-1018
                                             Telephone: 650.813.5600
                                             Fax: 650.494.0792

                                             Jason A. Malinsky (*pro hac vice* pending)
                                             JMalinsky@mofo.com
                                             MORRISON & FOERSTER LLP
                                             425 Market Street
                                             San Francisco, California 94105-2482
                                             Telephone: 415.268.7000
                                             Fax: 415.268.7522

                                             Attorneys for Plaintiff Iraqi Refugee
                                             Assistance Project